1
2
3            UNITED STATES DISTRICT COURT
4                 DISTRICT OF NEVADA
5
6    DIMITRIOS MAGDALINOS,              Case No. 2:23-cv-02125-ART-NJK

7              Plaintiff,               ORDER DENYING SUMMARY
          v.                           JUDGMENT AND GRANTING
8                                       WITHDRAWAL OF ADMISSION
     SMITH'S FOOD & DRUG CENTERS,
     INC., and DOES I:V,                (ECF Nos. 20, 23)
9
10             Defendants.

11          Plaintiff Dimitri Magdalinos seeks summary judgment for liability on his

12   slip-and-fall claim based on Defendant Smith's nineteen-day delay in responding

13   to a request for admissions. Smith's moves to withdraw these admissions. The

14   Court denies the motion for summary judgment and grants the motion to

15   withdraw admissions.

16        **I.    Background**

17          Plaintiff Magdalinos slipped and fell at Defendant Smith's grocery store in

18   Las Vegas in 2022. (ECF No. 20 at 2.) He filed suit in Clark County District Court,

19   and Defendant removed. (*See* ECF No. 1.) Discovery began, and Defendant

20   requested an extension to respond to Plaintiff's request for admissions by June

21   5, 2024. (*See* ECF No. 20-2.) One of Defense counsel's associates allegedly forgot

22   about this deadline. (ECF No. 21 at 2.) Defendant's lead attorney, Jerry Busby,

23   found while reviewing the associate's work that the responses were four days late,

24   attempted to call Plaintiff's counsel to explain what had happened, did not receive

25   a response, did not seek leave of the Court to extend the deadline, and responded

26   to Plaintiff nineteen days late on June 24, 2024. (*Id.*; *see also* ECF Nos. 20, 21.)

27          Magdalinos moved for summary judgment because Smith's failed to timely

28   respond to the requests for admission. Under Federal Rule of Civil Procedure

36(a)(3), matters in a request for admission are deemed admitted if not answered within thirty days, unless a shorter or longer time for responding has been stipulated to or ordered by the Court. Magdalinos served Smith's with the requests for admission on April 17. (ECF No. 20-1 at 4.) The parties agreed to extend the deadline to June 5, and Smith's did not respond until June 24. (*See* ECF No. 20-2.)

Because Smith's responses were late, Magdalinos seeks summary judgment based on these deemed admissions, including admission 6, that the "foreign substance on the floor that caused [Magdalinos] to slip and fall . . . should have been identified through an inspection of the floors," admission 9, that "Defendant's employees walk by the area of [Magdalinos's] slip and fall incident many times during their workday," admission 11, that Defendant "had notice of the foreign substance on the floor that caused [Magdalinos] to slip and fall," admission 14, that Defendant has no basis to assert comparative negligence, and admission 16, "that the foreign substance on the floor . . . should have been noticed by the employees . . . prior to his slip and fall incident." (ECF No. 20-1 at 3–4.) Smith's late-filed responses denied each of these claims. (ECF No. 23–5.)

## II.   Standard of Review

The party moving for summary judgment must show that there is no genuine issue as to any material fact. See Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The Court views the evidence and draws all reasonable inferences in the light most favorable to the non-moving party. *Behrend v. San Francisco Zen Ctr., Inc.*, 108 F.4th 765, 768 (9th Cir. 2024).

//

//

### III.    Analysis

Smith's moves to withdraw its deemed admissions, while Magdalinos moves for summary judgment based on the deemed admissions. (ECF Nos. 20, 23.)

Matters in a request for admission are deemed admitted if not answered within thirty days, unless a shorter or longer time for responding has been stipulated to or ordered by the Court. Fed. R. Civ. P. 34(a)(3). Withdrawal or amendment of an admission is permitted if it promotes presentation of the merits and does not prejudice the party who received the admission from "maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). The first prong is met if withdrawing the admission promotes presentation of the merits of a case. *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007). The party opposing withdrawal bears the burden of showing prejudice. *See Sonoda v. Cabrera*, 255 F.3d 1035, 1039 (9th Cir. 2001) (citing *Hadley v. United States,* 45 F.3d 1345, 1348 (9th Cir.1995)).

Smith's has shown that permitting withdrawal would allow presentation of the case on the merits. When upholding deemed admissions eliminates "any need for a presentation on the merits," the first prong for withdrawing an admission is met. *Conlon*, 474 F.3d at 622. Upholding the deemed admissions in this case would obviate resolution of any factual disputes about liability. (*See* ECF No. 20 at 4.) Smith's points to evidence suggesting that there was either no foreign substance on the floor or that its employees had not noticed the substance, including photographs, video, a statement from a security guard, and Magdalinos's own deposition testimony. (ECF No. 23 at 5–6.) These disputes lead the Court to hold that upholding the deemed admission would preclude presentation of the case on the merits.

Magdalinos has not shown that withdrawal of Smith's deemed admissions would prejudice his presentation of the case on the merits. Prejudice may be

shown by "demonstrating the unavailability of key witnesses" or "the sudden need to obtain evidence with respect to questions previously admitted," but not merely by showing that the party opposing withdrawal "will now have to convince the factfinder of its truth." *See Weil v. Walmart Inc.*, 644 F. Supp. 3d 772, 776 (D. Nev. 2022) (citing *Conlon*, 474 F.3d at 621) (internal quotation marks removed). Smith's counsel called and left a message for Magdalinos's counsel four days after the responses should have been submitted. (ECF No. 23 at 2.) He asked for an extension and did not receive a response, which suggests that the delay was not so pressing as to cause Magdalinos prejudice. (*Id.*) Magdalinos's briefing makes no showing or argument that this delay caused prejudice. (*See* ECF Nos. 20, 24, 25.) Without prejudice, Smith's showing that withdrawing the deemed admissions promotes presentation of the merits requires the Court to grant Smith's motion to withdraw the deemed admissions. And because Magdalinos's motion for summary judgment is based solely on the deemed admissions, the Court must deny Magdalinos's motion.

## IV.  Conclusion

Accordingly, the Court denies Plaintiff's Motion for Summary Judgment (ECF No. 20) and grants Defendant's Countermotion to Withdraw Deemed Admissions (ECF No. 23).

Dated this 11th day of April 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE